IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMAAL BERNARD KING,

    Plaintiff,

v.                              CASE NO. 4:19cv488-RH-MJF

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/


ORDER GRANTING JUDGMENT
ON THE PLEADINGS IN PART


    The plaintiff Jamaal Bernard King is a prisoner in the Florida Department of Corrections. He alleges the Department and two of its contracted medical providers failed to respond properly to his serious medical needs. One of the contracted medical providers, Centurion of Florida, LLC, has moved for judgment on the pleadings. This order grants the motion in part.

I

    In the second amended complaint, Mr. King asserts a 42 U.S.C. § 1983 claim of deliberate indifference to serious medical needs. He originally asserted a

claim under the Americans with Disabilities Act and Rehabilitation Act of 1973, but he abandoned that claim in response to the motion for judgment on the pleadings. He asserts Florida common-law claims of negligence, negligent supervision, and negligent training. The medical conditions at issue include recurring seizures, head trauma, loss of vision, and pain that, as it turns out, resulted from acute kidney failure.

The motion for judgment on the pleadings has been fully briefed and is ripe for a decision.

## II

A prison official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976). An employing company like Centurion is liable for the violation only if the deliberate indifference is based on the company's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (adopting this standard for municipal liability); *Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (applying this standard to a company under contract with a state).

Centurion invoked this standard in its motion for judgment on the pleadings. Mr. King's response to the motion noted Centurion's position, *see* ECF No. 49 at 2, but never mentioned it again. Mr. King thus has failed to respond to Centurion's assertion that it is entitled to judgment on the pleadings on this basis.

In any event, the second amended complaint does not allege *facts* suggesting Centurion had a policy or custom of treating prisoners as it allegedly treated Mr. King. Nor has Mr. King alleged that the decisions about his treatment were made by officials whose edicts or acts could fairly be said to represent official Centurion policy. Centurion is entitled to judgment on the pleadings on the § 1983 claim.

Mr. King's common-law claims of negligent supervision or training do not save the § 1983 claim. He has not alleged facts sufficient to hold Centurion liable under § 1983 based on those theories.

III

In response to the state-law claims, Centurion invokes Florida Statutes § 768.28(9), under which an "officer, employee, or agent" of the state is not "personally liable" for, and cannot be named as a defendant in a lawsuit based on, conduct within the scope of the relationship. Any liability for such conduct instead falls on the state. The statute has an exception for malicious conduct—for acts "committed in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety, or property"—but Mr. King has not asserted, and has not alleged facts showing, that the exception applies here.

For purposes of the statute, a healthcare contractor—this includes Centurion—is treated as an "agent" of the state when acting within the scope of a qualifying contract. *See* Fla. Stat. § 768.28(10)(a). Such a contract must include the contractor's agreement to indemnify the state for liabilities arising from the contractor's conduct. *Id*.

Mr. King does not cite any case suggesting, and has not asserted in this court, that the term "personally liable" in § 768.28(9) is limited to individuals. Courts have consistently recognized that the provision applies to corporations that have entered into qualifying contracts with the state. *See, e.g.*, *Biddle v. Prison Health Servs., Inc.*, No. 09-20391-civ, 2010 WL 11553188 (S.D. Fla. Mar. 18, 2010) (holding a corporate healthcare contractor immune); *Napier v. Fla. Dep't of Corr.*, No. 09-cv-61158, 2010 WL 2427442 (S.D. Fla. June 16, 2010) (recognizing a corporate contractor's immunity but allowing a claim to go forward based on the willful-and-wanton exception to immunity); *Mingo v. ARA Health Servs., Inc.*, 638 So. 2d 85, 86 (Fla. 2d DCA 1994). If, as Centurion asserts, it has entered into a qualifying contract with the state, it is an "agent" that the statute insulates from liability to tort victims, other than for willful and wanton misconduct.

Mr. King says, though, that the terms of Centurion's contract cannot properly be considered on the motion for judgment on the pleadings. Because Mr. King does not acknowledge the authenticity of the contract, Mr. King is correct. *See Nelson v. Gualtieri*, No. 8:19-cv-449, 2020 WL 1158712 (M.D. Fla. Mar. 10, 2020) (declining to reach an immunity issue under § 768.28(10) on a motion to dismiss because answering the question required examination of the contract). This order converts this part of the motion to one for summary judgment and gives Mr. King an opportunity to respond. Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 will apply to the response, just as they apply at every stage of the litigation.

IV

Florida law imposes substantial presuit requirements for a medical-negligence claim. *See, e.g.*, Fla. Stat. § 766.106. And the statute of limitations for such a claim is two years. *See* Fla. Stat. § 95.11(4)(b). Mr. King admits he did not comply with the presuit requirements, and he joined Centurion as a defendant more than two years after Centurion's allegedly negligent acts.

Mr. King says he does not, however, assert a medical-negligence claim. And he has adequately alleged ordinary negligence. One need not have a medical degree to understand that head trauma, vision loss, and acute pain should not simply be ignored. A motion for judgment on the pleadings, like a motion to

dismiss for failure to state a claim on which relief can be granted, is not the vehicle by which the truth of a plaintiff's factual allegations can be judged. Centurion is not entitled to judgment on the pleadings on the state-law claims.

V

For these reasons,

IT IS ORDERED:

1. The motion for judgment on the pleadings, ECF No. 45, is granted in part and converted to a summary-judgment motion in part.

2. The § 1983 claim against Centurion is dismissed. I do *not* direct the entry of judgment on this claim under Federal Rule of Civil Procedure 54(b).

3. The motion for judgment on the pleadings is deemed a motion for summary judgment on the state-law claims against Centurion on the ground that it is immune from the claims based on Florida Statutes § 768.28(9) and (10)(a). Centurion may file a declaration authenticating its contract. The plaintiff must respond to the deemed summary-judgment motion by the later of October 27, 2020 or 7 days after Centurion files such a declaration.

SO ORDERED on October 13, 2020.

                                                  s/Robert L. Hinkle
                                                  United States District Judge